Decided November 12, 1942.

*Beck, Goodrich & Beck,* for plaintiff.
*D. R. Cumming, Joseph R. Cumming,* for defendant.

Sutton, J. Herman B. Morris brought suit against M. Deraney, the petition as amended alleging as follows: The defendant is the owner of a certain storehouse and lot in the City of Griffin, Georgia, located on the southeast corner of North Hill and East Broad Streets, known as 134 and 136 North Hill Street. The defendant, doing business under the trade-name of Deraney Brothers, is in possession of said storehouse and lot, and operates therein a departmental mercantile business, engaged in buying, offering for sale, and selling to the public goods, wares, and merchandise. The storehouse fronts on North Hill Street and extends back east along East Broad Street to an alley way which runs in the rear thereof. Located in the rear of the building, and near the northeast corner thereof, is a doorway entering said building from the alley way in the rear. It is the custom of the defendant to receive goods, wares, and merchandise, purchased by him for resale, through the rear door, such goods, wares, and merchandise being delivered to the defendant through the rear door. The rear doorway opens into a room or compartment in the northeast corner of the storehouse and is walled up on the other two sides, so as to divide it from the rest of the storehouse. Within the compartment the defendant maintains and operates a lift or elevator for lowering goods into the basement or conveying them to the upper floor of the building. The compartment forms the shaft or well of the elevator, with a door on the front side leading from the main store into the compartment. The doorway is on the opposite side of

the compartment from the rear door of the building, and the floor of the elevator forms the only connecting passageway between the rear door of the store leading into the compartment from the alley way and the doorway leading from the compartment into the main store.

The elevator is not generally used to transport passengers, and is mainly intended and employed to transport goods, wares, and merchandise. The usual position of the elevator, when not in use, is on the first or ground floor of the building where the floor of the elevator forms a part of the first or ground floor of the building, and when the elevator is not in place on the first floor there is no way to enter the building from the rear; the shaft or well of the elevator intervenes between the rear door on the alley way and the first floor of the building. The customary manner of delivering goods, wares, and merchandise to the store is to convey the same from the alley in the rear of the store through the rear door and deposit them on the floor of the elevator, whence they can be carried by the defendant or his employees across the said floor through the doorway to the first floor of the building or conveyed by the elevator to the upper floor or the basement, as desired by the defendant, and this custom was known to both the plaintiff and the defendant.

Surrounding the elevator compartment there is a passageway on the west and south sides thereof, which is cut off from the rest of the store by a partition. This passageway renders the entrance to the elevator compartment dark, so that a person can not see into the compartment unless it is lighted by artificial means. The elevator, the shaft, and the compartment in which the elevator operates are illuminated only by an electric light which is located overhead at the center of the elevator and can be turned on only by stepping on the floor of the elevator and reaching up to the overhead switch. The doorway leading from the store building into the elevator shaft is equipped with a sliding door which is opened by hand in two sections, one of which is raised and the other lowered. For some years previously to the date of the injury herein complained of this sliding door had been equipped with a safety device or lock, which prevented the door being opened when the elevator was not at the first floor, all of which was known to the plaintiff. A short time before the accident the safety device had

been removed from the elevator, whereby the said door could be opened when the elevator had been removed from the first floor, all of which was unknown to the plaintiff.

The conditions described existed on September 10, 1941. On that day the plaintiff was in the employ of William Fillyaw, who operated a pick-up delivery truck, engaged in calling for and delivering articles shipped or intended for shipment over the Southern Railway Company. The plaintiff operated the truck for the said Fillyaw, and was engaged in delivering articles from the Southern freight depot to the storehouse of the defendant, and about noon, or a little thereafter, on said date the plaintiff, in the regular course of his business, attempted to deliver certain articles of freight to the store of the defendant. He drove his truck to the rear of the store to deliver the freight through the rear door above described and found the same closed and locked. Thereupon he walked around to the front door of the building on Hill Street, where he entered, and accosted Miss Evelyn Deraney, an agent and employee of the defendant, to whom the plaintiff delivered the freight bill and requested instructions as to the delivery of the articles of freight. She gave the plaintiff the key to the rear door of the store and told him to deliver the articles at that door, as the plaintiff had done on several previous occasions. The plaintiff proceeded immediately to the rear of the store and raised the door between the main storeroom and the elevator and attempted to enter the elevator compartment. Some time previously to the attempt of the plaintiff to enter the elevator compartment the defendant had moved or caused to be moved the elevator to the second floor of the building, where it was not in use but was allowed to remain, so as to render it impossible for any one to enter the building by the rear door. The effect of the defendant's having the elevator held on the level of the second floor was to create a pitfall at the said rear door.

At said time and place the plaintiff was not an intruder or trespasser, but was an invitee engaged in delivering goods to the store of the defendant, and this fact was known to the defendant through his agent and employee, Miss Evelyn Deraney, who gave the plaintiff the key to the back door and knew that he had to enter the elevator compartment and walk across the same in order to unlock the back door. After receiving the key the plaintiff

proceeded through the store and opened the door between the main storeroom and the elevator compartment. There was no light in the compartment, and it was impossible for the plaintiff to discover by the exercise of ordinary care that the elevator was not in place. The plaintiff was in the exercise of all ordinary care and diligence; he was relying upon the express invitation given him to proceed to the rear door and unlock it; he expected, in the absence of any warning, to find the elevator in place on the floor as had always been the case when he made previous similar deliveries; he expected to turn on the light in the compartment when he reached the middle thereof where he could operate the overhead switch, and, because of the bright light in the main storeroom through which he had just passed and the dark condition of the elevator compartment, the plaintiff did not discover, and by the exercise of ordinary care could not discover, that the elevator was not in place and that the said doorway opened into a dangerous pitfall about eighteen feet deep. When the plaintiff stepped through the said doorway into the elevator compartment he was precipitated to the bottom of the shaft, whereby he suffered serious and permanent bodily injuries fully described in the petition, lost, to the date of the filing of the petition, four months wages, and will lose further time. Previously to his injuries he was an ablebodied man, in good health, and capable of earning during the remainder of his life an average of at least $100 per month. He was twenty-two years of age at the time of his injury and had a reasonable expectancy of forty years.

The defendant was negligent (a) in maintaining a pitfall or trap on the said premises without warning the plaintiff, an invitee, of the dangers thereof; (b) in furnishing the plaintiff with a key with which to unlock the rear door, knowing that the plaintiff was proceeding to the said door to unlock it, without warning the plaintiff by sign or otherwise of the said pitfall which lay between him and the said door; (c) in failing to place some notice, sign, or signal to warn the plaintiff that the elevator was not in place; (d) in failing to have the elevator compartment illuminated so that the plaintiff, by the exercise of ordinary care, could see that the elevator was not in place; (e) in failing to have the door leading into the compartment equipped with a latch which would prevent it being opened when the elevator was not in place; all of

which negligence was the proximate cause of the plaintiff's injuries. Judgment was prayed for reasonable compensation for all of the plaintiff's injuries, including pain and suffering, permanent impairment of his earning capacity, lost time and expenses, both past and future. The exception here is to the judgment of the trial court in sustaining the defendant's general demurrer and in dismissing the action.

The following is the majority opinion of the court, but from which I dissent for the reasons shown in my dissenting opinion: While the plaintiff was an employee of an independent contractor, he was an invitee upon the defendant's premises as the defendant had a pecuniary and business interest in the delivery of freight shipped to him. Under the peculiar facts of this case we think the questions whether the defendant was negligent and whether the plaintiff was negligent, and whether the plaintiff's negligence or that of the defendant was the proximate cause of his injuries, are questions for a jury to decide. The distinguishing feature of this case which differentiates it from the one cited in the dissenting opinion is the fact that the plaintiff had delivered freight to the defendant on previous occasions, and from these experiences he had learned that the doors to the elevator would not open when the elevator was not in place behind the doors. The safety lock had been removed without the knowledge of the plaintiff, and no notice was given to him of the change in conditions. This case more nearly resembles that of *Camp* v. *Curry-Arrington Co.*, 41 *Ga. App.* 53 (151 S. E. 837). It is true that the agent who gave the plaintiff the key to the back door did not tell him to go to the back door through the inside of the building, but a jury could say that it was as reasonable to go from the inside as from the outside, in the absence of warning or instructions, and that the knowledge of the situation at the elevator, gained from his experience, was as reasonably relied on in approaching the elevator from the front as from the rear. Of course, there are other facts to be considered, among which is whether the plaintiff was negligent in relying on his knowledge of the situation as it had existed, or whether he should have ascertained, in spite of that knowledge, whether the elevator was in place or not before attempting to step on the platform and turn on the light. In the absence of a special demurrer the facts alleged with reference to the agency of the agent who

gave plaintiff the key to the back door are sufficient to show that the agent had apparent authority to let the plaintiff through it either from the front or rear.   The petition set out a cause of action, and the court erred in sustaining the general demurrer and dismissing the action.

Judgment reversed.   Stephens, P. J., and Felton, J., concur.

SUTTON, J.   I dissent from the judgment of reversal for the following reasons:  Foregoing as unnecessary any discussion as to whether the plaintiff was in the circumstances detailed in the petition as amended an invitee or licensee, whether the petition was defective in not alleging that in giving him directions as to proceeding to make delivery of the merchandise intended for the defendant the named agent was acting in the scope of her employment, and assuming that the defendant was negligent in the respects charged in the petition as amended, I am of the opinion that it is shown by the facts alleged that by the exercise of ordinary care the plaintiff could have avoided the consequences of the defendant's alleged negligence and, consequently, is not entitled to recover.   The plaintiff had on previous occasions made like deliveries to the defendant.   He had traversed the floor of the elevator, the only route by which deliveries could be made to the storeroom. He knew that when the elevator was not at the first-floor level, but at one of the upper floors, a dangerous pit was exposed below the first floor, and that at such a time entrance into the elevator shaft or compartment was necessarily fraught with danger.   He knew that the elevator was not always on the first-floor level, but it is alleged that on the occasion of his injury he expected, in the absence of any warning, to find it there.   However, it is not shown to have been so located at any time during his presence on the premises on the occasion of his injury, but he relied upon its being there because he was told to go to the rear door and unlock it, although he knew that in his progress across the elevator floor he would have no benefit of illumination unless he could, as he expected to do, turn on the light in the compartment when he reached the middle thereof and could operate the overhead switch, the only means of illuminating the elevator compartment.   The closed door of the compartment, whether equipped with a latch or not, was a sufficient warning that danger might lurk behind it, and negatived any invitation to enter without appropriate care.   When he opened

it he was confronted with darkness. Nevertheless, with utter abandon as to whether or not he would be safe in so doing, and no one having told him that the elevator was at rest on the first floor, he hazarded an entrance into the darkness without making the slightest investigation as to whether or not the elevator floor would be there to step upon and prevent a descent into the pit. As said in *Macon Savings Bank* v. *Geoghegan*, 48 *Ga. App.* 1, 5 (171 S. E. 853): "Where the entrance was dark, it would seem that ordinary care would condemn the act of a person, who knew the location of the elevator shaft and that others might likely be using the elevator, in stepping into the elevator shaft without satisfying himself that the elevator was in fact there."

Discussion of cases cited by counsel would not be of benefit. Each depends upon its own facts. It is alleged that the plaintiff could not, by the exercise of ordinary care, have prevented the consequences of the defendant's alleged negligence, but, under the familiar rule that conclusions of the pleader must yield to the specific facts alleged, I think that the petition as amended shows that the proximate cause of the plaintiff's injuries was his failure to exercise ordinary care for his own safety, and that, therefore, the trial court did not err in sustaining the defendant's general demurrer and in dismissing the action.