## 59863. DAVIS v. GARDEN SERVICES, INC.

DEEN, Chief Judge.

1. Davis filed suit against the appellee hotel owner for injuries sustained when he fell from a temporary bandstand in the defendant's ballroom. The ballroom had been rented for the evening to a private party which had engaged Davis and his band to play for the guests. Davis' injury, according to his testimony, occurred when, after he had placed some of the musical instruments on the bandstand, he attempted to step down from the stand and the metal stripping holding the carpet in place gave way, causing him to fall, as indicated by the fact that the metal strip, with screws in place, was found on the floor where the plaintiff fell.

It is obvious from the transcript of evidence that the trial court directed a verdict in favor of the defendant based entirely on the theory that Davis was a mere licensee as to whom the hotel proprietor owed no duty except not to wilfully and wantonly injure him. After a long colloquy the court summarized: "I think it all gets back to the basis of liability which has to be predicated on what did the licensee . . . There is clearly no evidence of any wilful or wanton conduct on the part of [the defendant]. I'm going to grant *the motion* and

direct a verdict."

This ruling was error. In the first place Davis had been employed by The American Association of Textiles, etc. to furnish a band to play for a party to be held in the defendant's ballroom, which the association had rented, and had entered the room to set up the instruments on the bandstand for this event. Obviously, an innkeeper has the duty of exercising ordinary care to keep its premises safe for invitee tenants. *S. A. Lynch Corp. v. Greene,* 99 Ga. App. 797 (109 SE2d 615) (1959). The guests of such tenants, those coming on the leased premises for business purposes beneficial to the tenant, and those doing business with him are there by his invitation and stand in his shoes insofar as they suffer injury due to the negligence of the owner or occupier of the premises. *Wall Realty Co. v. Leslie,* 54 Ga. App. 560 (188 SE 600) (1936). See also *Rothberg v. Bradley,* 85 Ga. App. 477 (69 SE2d 293) (1952); *Hall v. Cohner,* 134 Ga. App. 586 (215 SE2d 340) (1975). It is not essential that a direct contractual relation between the plaintiff and the owner be shown if the presence of the plaintiff is such that it should have been anticipated by the owner for the mutual benefit of the plaintiff and the owner's tenant. In *Knudsen v. Duffee-Freeman, Inc.,* 99 Ga. App. 520 (109 SE2d 339) (1959), as here, the direction of a verdict in favor of the defendant on the ground that the plaintiff was a mere licensee was reversed because "while there must be at least some mutuality of interest in the subject matter to which the visitor's business relates, it is not necessary that the particular subject of the visit be for the benefit or profit of the occupant." In that case the injured visitor came into the premises on a business mission involving only a subtenant of the company to whom the owner had rented the premises. In *Lowe v. Atlanta Masonic Temple Co.,* 79 Ga. App. 575 (54 SE2d 677) (1949) various fraternal orders were tenants of the appellee property owner and the plaintiff came at the behest of the secretary of one of the tenants for business purposes; the dismissal of the complaint was held to be error as the plaintiff was entitled to the exercise of ordinary care on the part of the defendant. Again, in *American Legion &c. v. Simonton,* 94 Ga. App. 184 (94 SE2d 66) (1956) the American Legion chapter turned over a part of its premises for the use of its Auxiliary. A member of the latter group was injured while using the stairway. Judgment for the plaintiff was affirmed against the contention that she was not an invitee of the defendant, and it was stated that to occupy that position "there must have been some mutuality of interest in the subject to which her business related, although the particular thing which was the subject of the visit may not have been for the benefit of the defendant." In the same way, it was not necessary for Davis and his band to show that their

engagement to play was made directly with the hotel, since the hotel provided the ballroom to its tenant with knowledge of its purpose. See also *Morris v. Deraney,* 68 Ga. App. 308 (22 SE2d 860) (1942); *Anderson v. Cooper,* 214 Ga. 164 (104 SE2d 90) (1958).

It was error to direct a verdict in favor of the defendant on the theory that the plaintiff was not an invitee on the premises.

2. The evidence authorizes but does not demand a finding in favor of the defendant on the issue of negligence.

*Judgment reversed. Sognier, J., concurs. Birdsong, J., concurs in the judgment only.*

ARGUED MAY 5, 1980 — DECIDED JUNE 12, 1980 —
REHEARING DENIED JUNE 20, 1980.

*James A. Elkins, Jr.,* for appellant.
*Dennis J. Webb, Robert C. Semler,* for appellee.