75890. SMITH v. MAYOR OF SAVANNAH et al.
(365 SE2d 529)

DEEN, Presiding Judge.

The appellant, J. Gail Smith, commenced this action against the Mayor and Aldermen of the City of Savannah, seeking damages for injuries she sustained when the lid of a city-owned garbage dumpster fell and struck her head. The trial court granted summary judgment for the defendants because of sovereign immunity, and this appeal followed. *Held*:

In cases determining whether a certain activity constitutes a purely governmental function or a ministerial function, much effort is often wasted on disagreeable and disposable " 'garbled verbiage and verbal garbage.' " *State Hwy. Dept. v. Price*, 123 Ga. App. 655, 657 (182 SE2d 175) (1971). Fortunately, there is no disagreement that in general "the collection of garbage is a governmental function, for the performance of which a municipality is granted immunity from liability for the negligent acts of its officers and employees." *City of Valdosta v. Bellew*, 178 Ga. App. 423, 425 (343 SE2d 111) (1986). One exception to this general rule may arise where a city operates a garbage collection service primarily as a business enterprise and source of revenue, rather than primarily as a public service. *Cornelisen v.*

*City of Atlanta*, 146 Ga. 416 (91 SE 415) (1916); see also *City of Atlanta v. Whatley*, 161 Ga. App. 705 (289 SE2d 541) (1982).

The appellant seeks to invoke the exception, based on the fact that the revenues collected by the city sanitation bureau in this case were paid into the city's general funds, and thus could be used to finance other city operations. *City of Atlanta v. Whatley*, supra. City records for the past decade, however, reflect hefty operating losses for the sanitation bureau every year, with the lowest margin of expenditures exceeding revenues being three to one during that span of time. Profit margin alone may not be dispositive of the issue of whether a municipal operation is primarily a business enterprise or a governmental function, but in this case, where the city continued the garbage collection service year after year despite the rank operating losses, the only reasonable conclusion is that the city maintained the garbage collection service as a public service and not as a business enterprise. Accordingly, the trial court properly granted summary judgment for the appellees.

*Judgment affirmed. Sognier, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED FEBRUARY 1, 1988.

*William S. Lewis, Ronald C. Crawford,* for appellant.
*Patrick T. O'Connor, James B. Blackburn,* for appellees.