## A94A0241. STEINBERG v. CITY OF ATLANTA.
(444 SE2d 873)

Judge Harold R. Banke.

Plaintiff Sam Steinberg was injured in the parking lot of the Atlanta Civic Center after a performance of the Atlanta Ballet when he tripped and fell over a rope which had been strung between a fixed post and a traffic barrel for the purpose of controlling traffic. Plaintiff sustained deep skin abrasions and lacerations which required surgery and filed a negligence action against the City of Atlanta. At trial, at the close of plaintiff's case and again at the close of all the evidence, defendant moved for a directed verdict on the grounds of governmental immunity and the lack of ante litem notice. In both instances, the court reserved its ruling on the motions until after the jury returned its verdict.

The court charged the jury solely on the question of negligence, and the jury returned a verdict in favor of plaintiff for $10,000. The court then charged the jury on the question of governmental immunity, and the jury returned a verdict for defendant, specifically finding that the Civic Center was operated by defendant primarily for public service. The trial court concluded that the jury's second verdict was tantamount to a determination that the operation of the facility was a governmental function of the City of Atlanta. Therefore, the court construed the verdict, taken in two parts, to be a verdict for defendant, finding that were it not for the governmental defense,

plaintiff would be entitled to a verdict for $10,000. The court explained that this unusual procedure was employed in the event an appellate court determined the trial court erred in instructing the jury on governmental immunity, there would be no need for a new trial. The court then entered judgment on the verdict in favor of defendant. After entry of judgment, the court ruled on defendant's motion for directed verdict. Finding that the evidence demonstrated that the Civic Center was operated primarily for the public benefit, the court held, as a matter of law, that the operation of the Civic Center is a governmental function of the City of Atlanta, and therefore, defendant was immune to suit for the negligence of its employees in the performance of that function. Accordingly, a directed verdict was entered in favor of defendant on governmental immunity. On the question of ante litem notice, the court denied defendant's motion for directed verdict. This appeal followed, plaintiff enumerating as error the trial court's determination that defendant was immune from suit based on sovereign immunity, as a matter of law, and the grant of defendant's motion for directed verdict after the jury returned a verdict in favor of plaintiff for $10,000.

1. We will first consider plaintiff's contention that the court had no authority to direct a verdict after the jury returned a verdict in his favor. Plaintiff argues the court should have either granted the motion for directed verdict prior to the jury's verdict or, after the jury returned a verdict in favor of plaintiff, entered judgment on the verdict in favor of plaintiff and then granted defendant's motion for judgment notwithstanding the verdict, if one had been properly made by defendant. We disagree.

OCGA § 9-11-50 (b) "allows the trial court to defer ruling on a motion for directed verdict and submit the case to the jury subject to a later determination of the legal questions raised by the motion. [The statute] also requires a party who has moved for a directed verdict to file a motion for judgment notwithstanding the verdict within 30 days after entry of the judgment or, if a verdict was not returned, within 30 days after the jury has been discharged. However, [Rule 50] (b) does not by its express terms require that a motion for judgment notwithstanding the verdict be filed in order to preserve the jurisdiction of the trial court to rule on a motion for directed verdict after the verdict itself has been returned." *Mayor &c. of Savannah v. Palmerio*, 242 Ga. 419, 421 (1) (249 SE2d 224) (1978). Thus, the trial court did not err in deferring its ruling on the motion for directed verdict until after the verdict was returned. See *Brandvain v. Ridgeview Institute*, 188 Ga. App. 106 (1a) (372 SE2d 265) (1988).

2. Plaintiff also contends the court erred in ruling that defendant was immune from suit based upon the doctrine of sovereign immunity as a matter of law. Plaintiff argues that there was ample evidence that

the Civic Center was maintained as a revenue enhancing facility, in addition to proof of defendant's negligence, to support the jury's award of $10,000 to plaintiff in the first verdict. We note that the first verdict represented a determination of the negligence issues only and could not constitute a verdict of the issue of governmental immunity since the first jury charge did not include instruction regarding defendant's maintenance of the Civic Center primarily as a source of revenue.

"Sovereign immunity is not an affirmative defense (see OCGA § 9-11-8 (c)) that must be established by the party seeking its protection. Instead, immunity from suit is a privilege that is subject to waiver by the State, and the waiver must be established by the party seeking to benefit from the waiver. [Cit.]" *Ga. Dept. of Human Resources v. Poss*, 263 Ga. 347 (1) (434 SE2d 488) (1993). A municipality which operates a facility "primarily as a source of revenue" rather than for the benefit of the public loses its governmental immunity. *Cleghorn v. City of Albany*, 184 Ga. App. 732, 735-736 (1) (362 SE2d 386) (1987). " 'Whether the enterprise turns a profit, or only an incidental profit (cit.) is not the controlling point; what is significant is the character of the (enterprise) as "primarily a source of revenue" rather than being used primarily for the benefit of the public regardless of incidental generation of revenues.' [Cit.]" *City of Atlanta v. Chambers*, 205 Ga. App. 834, 836 (2) (424 SE2d 19) (1992).

The evidence demonstrated that the Civic Center is operated to provide a facility for community organizations and public recreation at a reasonable cost; that the facility operates at an annual loss and is subsidized by the City of Atlanta; that the Civic Center has never generated a profit; that the facility is leased at rates set by the Atlanta City Council for non-profit and commercial entities; that fee waivers have been granted to selected non-profit groups; and that the majority of the activities booked are community oriented. Witnesses also testified that the Civic Center was never intended to generate profit. On the other hand, plaintiff points to evidence adduced at trial which showed that on occasion, the Civic Center is rented to private performers for the purpose of staging fee-paying, ticketed performances for which they are charged commercial rates and argues that such evidence demonstrates that the facility is operated to generate revenue for the city. Plaintiff also contends that although the evidence indicated that the Civic Center did not make a profit, the facility operates in the commercial marketplace and there is no prohibition in the city charter preventing the facility from maximizing its revenues and making a profit.

" 'A directed verdict is authorized "if there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular ver-

dict." OCGA § 9-11-50 (a). . . . "Where . . . plaintiff simply fails to prove his case, the direction of a verdict is proper." [Cit.]' [Cits.]" *Neal v. Miller*, 194 Ga. App. 231, 232-233 (390 SE2d 125) (1990). The fact that the Civic Center is leased on occasion by commercial entities at commercial rates does not alter "the over-all character of the [Civic Center as a facility] primarily for the benefit of the public, rather than primarily as a source of revenue for the City." *Chambers*, supra at 836. The revenue cited by plaintiff, which is derived by the booking of certain commercial acts at commercial rates, is "incidental" in view of the evidence that the Civic Center operates at an annual loss and is subsidized by defendant. Thus, plaintiff failed to prove defendant waived governmental immunity, and the trial court did not err in granting a directed verdict as a matter of law.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JUNE 8, 1994.

*Decker & Hallman, Richard P. Decker, W. Winston Briggs*, for appellant.

*Kendric E. Smith, Sarah I. Mills, Michael V. Coleman, Joe M. Harris, Jr.*, for appellee.