## A96A0742. KOEHLER v. CITY OF ATLANTA.
(472 SE2d 91)

Judge Harold R. Banke.

William H. Koehler fell at the Cyclorama, Atlanta's historical and cultural museum, when he sat down next to his wife in a darkened auditorium and discovered the seat had been removed. He sued the City of Atlanta (the "City"), alleging negligence and gross negligence.

The City moved for summary judgment on sovereign immunity grounds and presented an affidavit from the Cyclorama's director

stating that the Cyclorama's displays were provided for the public's benefit and enjoyment. The trial court granted the City's motion and this appeal ensued. *Held*:

The trial court properly granted summary judgment because Koehler failed to show that issues remained to be tried on whether the City's sovereign immunity was waived. *Steinberg v. City of Atlanta*, 213 Ga. App. 491, 493 (2) (444 SE2d 873) (1994). Because the sovereign immunity of municipal corporations is waived when they negligently perform ministerial duties, this case turns on whether operating the Cyclorama constitutes a governmental function or ministerial duty. OCGA § 36-33-1 (b); *Cleghorn v. City of Albany*, 184 Ga. App. 732 (1) (362 SE2d 386) (1987); see *Smith v. Mayor of Savannah*, 185 Ga. App. 708 (365 SE2d 529) (1988). If the City operates the Cyclorama "primarily . . . as a place of resort for pleasure and promotion of health of the public at large [a public function]" then immunity attaches. *Cleghorn,* 184 Ga. App. at 735 (quoting *Cornelisen v. City of Atlanta*, 146 Ga. 416, 419 (91 SE 415) (1917)). In contrast, if the City operates the Cyclorama "primarily as a source of revenue [a ministerial function]," immunity is waived. Id. The controlling point is not whether the Cyclorama actually turns a profit, but its function. *Steinberg*, 213 Ga. App. at 493.

The party seeking to benefit from the waiver of sovereign immunity bears the burden of proof. *Steinberg*, 213 Ga. App. at 493 (2). To withstand summary judgment on the sovereign immunity issue, Koehler had to make a showing that the Cyclorama was operated primarily as a source of revenue, rather than as a place of public recreation. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991) (parties who will not bear the burden of proof at trial may prevail on summary judgment by pointing out by reference to the record that there is no evidence sufficient to create a genuine jury issue on at least one essential element of the non-movant's case). We agree with the trial court that Koehler failed to do so. Furthermore, the cases Koehler relies upon for the proposition that the Cyclorama's operation was a ministerial function are distinguishable in that they fail to address immunity in the context of municipal facilities. Because Koehler bore the burden of proving that the City waived its immunity and failed to present any evidence in response to the City's motion, summary judgment was proper. *Dept. of Human Resources v. Poss*, 263 Ga. 347, 348 (1) (434 SE2d 488) (1993). In light of our holding, we need not reach Koehler's second enumeration.

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED MAY 7, 1996 —
RECONSIDERATION DENIED MAY 24, 1996 —

*Michael J. Kramer*, for appellant.
*Charles G. Hicks, Clifford E. Hardwick IV*, for appellee.