**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

June 8, 2012

# In the Court of Appeals of Georgia

A12A0550. YEARWOOD v. CLUB MIAMI, INC. et al.

MCFADDEN, Judge.

Murjani Yearwood sued Club Miami, Inc. and a John Doe defendant for the pain and suffering he sustained when he was shot at the club. After a jury awarded Yearwood $500,000, the trial court granted Club Miami's motion for directed verdict. Yearwood appeals, arguing that whether the security measures Club Miami implemented were performed in a non-negligent manner was a question for the jury to decide. But Yearwood presented absolutely no evidence that the security measures were performed negligently. We therefore affirm the judgment in Club Miami's favor.

Yearwood was a patron of Club Miami, a nightclub, when a fight broke out on the dance floor. An unidentified person fired a gun, and Yearwood was hit in the abdomen. The parties agree that Club Miami had implemented a two-step security

procedure, involving four to eight security guards and uniformed law enforcement officers. Before any patron was allowed to enter the club, the patron would be patted down and then "wanded," or scanned with a metal-detecting wand. There were additional security personnel inside the club.

At the close of the evidence, Club Miami moved for a directed verdict. The trial court reserved ruling on the motion and submitted the case to the jury, which returned a $500,000 verdict in favor of Yearwood, allocating responsibility equally between Club Miami and the John Doe shooter. The trial court then granted Club Miami's motion for directed verdict, and Yearwood filed this appeal.

1.    Initially, we observe that the procedure employed by the trial court – ruling on a directed verdict motion after the jury had returned a verdict – is authorized under Georgia law. "OCGA § 9-11-50 (b) allows the trial court to defer ruling on a motion for directed verdict and submit the case to the jury subject to a later determination of the legal questions raised by the motion." (Citation and punctuation omitted.) *Steinberg v. City of Atlanta*, 213 Ga. App. 491, 492 (1) (444 SE2d 873) (1994).

2.    "A directed verdict is authorized if there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions

therefrom, shall demand a particular verdict. OCGA § 9-11-50 (a). Where plaintiff simply fails to prove his case, the direction of a verdict is proper." (Citation and punctuation omitted.) *Steinberg*, 213 Ga. App. at 493-494 (2). As the trial court observed in its order, the facts of the case were largely uncontested. Yearwood's "sole argument as to liability was that because [Club Miami] had voluntarily assumed certain security measures to prevent weapons from being brought into the club, and despite these measures a gun was brought into the club which was used to injure [Yearwood, Club Miami] was negligent and thus liable to [Yearwood] for his pain and suffering."

We adopt in part the trial court's well-reasoned order, in which it held:

Under Georgia law, a proprietor does not become an insurer of safety by taking some precautions of behalf of invitees. *Matt v. Days Inns of America*, 212 Ga. App. 792, 795 (443 SE2d 290) (1994). Moreover, the fact that a proprietor has undertaken some measures to protect its patrons does not heighten the standard of care; and taking some measures does not ordinarily constitute evidence that further measures might be required. *Id.* See also *Lau's Corp.* [*v. Haskins*, 261 Ga. 491, 494-495 (3) (405 SE2d 474) (1991)]. Conversely, a proprietor is not insulated from liability simply by providing security measures when those measures are proved to be inadequate. *Matt*, supra, 212 Ga. App. at 795[-796]. As the Supreme Court explained in *Lau's Corp.*, "[i]f a defendant undertakes to do more for the benefit of another person than

3

the law requires, he or she may be held liable if he or she acts unreasonably or makes the situation worse, by increasing the danger, or by misleading the plaintiff into belief that it has been removed, or by depriving the plaintiff of the possibility of help from other sources, etc." *Lau's Corp.*, [261 Ga.] at 495 [n. 2 (3). (Citation omitted.)].

The gravamen of [Yearwood's] argument is that because a gun made it past [Club Miami's] security measures and that gun was used to injure [Yearwood], [Club Miami] must have been negligent in conducting weapons screening[s]. Without more, this argument is not persuasive inasmuch as it is rooted more in strict liability than in negligence. Contrary to [Yearwood's] argument, in a negligence action, it is not enough for [Yearwood] to merely present evidence of his injury as evidence that [Club Miami] performed its security screenings in a negligent manner. *Lau's Corp.*, [261 Ga.] at 493-94 [(2)].

To succeed on this claim, [Yearwood] had the burden to present evidence at trial of how specifically [Club Miami's] measures made the security situation worse, or how those measures were inadequate or insufficient such that negligence could be established. Id.

Yet Yearwood presented absolutely no evidence that the security measures in place were performed in a negligent manner or worsened the situation. No witness testified that the security personnel should have done anything differently. Yearwood himself testified that he thought the security was sufficient. Nor did Yearwood

4

present any evidence of any prior criminal activity on the premises that may have put Club Miami on notice that its security measures were inadequate.

Because Yearwood presented no evidence that Club Miami's security measures were insufficient or that it negligently performed the security measures it implemented, the trial court correctly ruled that Club Miami was entitled to a directed verdict. Compare *Matt*, 212 Ga. App. at 795-796 (whether defendant's security measures were adequate or whether they were performed in a negligent manner was a jury question, given evidence that defendant had rejected safety measures that had been recommended in light of past incidents).

*Judgment affirmed Barnes, P. J., and Adams, J., concur.*