JOHN VAN BURG V. JOHN VAN ENGEN.

FILED JUNE 8, 1906. NO. 14,350.

1. Pleading: DEFENSE OF LIMITATIONS: BURDEN OF PROOF. In an action to recover an amount alleged to be due ·upon a verbal contract, the burden of proof is upon the defendant to prove that plaintiff's cause of action was barred by the statute of limitations, when that defense is in issue.

2. Instructions: REVIEW. The trial court's instructions and rulings denying instructions requested examined, and *held* without error.

3. Evidence: REVIEW. The rulings of the trial court on the admission and rejection of evidence offered examined, and found not erroneous.

ERROR to the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*Billingsley & Greene* and *R. H. Hagelin,* for plaintiff in error.

*Rose & Comstock, contra.*

EPPERSON, C.

The plaintiff was employed under a verbal contract to dig a well for the defendant; and, on September 30, 1904, brought this suit to recover $65, the remainder alleged to be due upon the contract price. Plaintiff introduced evidence to the effect that said contract was entered into and completed in May, 1901. Defendant testified that the contract was entered into in the spring of 1900. The main contention in the case is that the action is barred by the statute of limitations. The jury returned a verdict for plaintiff for $65 and interest, and defendant prosecutes error to this court.

1. Upon the trial the court instructed the jury that, in order to sustain his defense of the statute of limitations, the burden was upon the defendant to show that the well in question was dug more than four years prior to Septem-

ber 30, 1904. Defendant contends that there was error in the giving of this instruction. There is a conflict of authority upon this proposition. See cases cited in 3 Elliott, Evidence, sec. 2461. Some of the courts hold that the burden of proof is upon the plaintiff to prove that the action accrued within the period of limitation. Other courts take the opposite view, imposing the burden upon the defendant. We were not favored with an oral argument of this case, and the briefs of counsel do not enter upon a discussion of the decisions bearing upon this point. It has, however, been established as a rule of practice in this state that, when the bar of the statute does not appear upon the face of the petition, the defense is waived, unless pleaded by the defendant. *Hanna v. Emerson, Talcott & Co.,* 45 Neb. 708; *Eayrs v. Nason,* 54 Neb. 143; *Hobson v. Cummins,* 57 Neb. 611; *McCormick Harvesting Machine Co. v. Cummins,* 59 Neb. 330. Under this rule of pleading, the statute of limations is an affirmative defense. To require the defendant to plead that defense and to impose upon the plaintiff the burden of disproving it would be inconsistent. We are, therefore, of opinion that the burden is upon the one pleading such defense to prove it, and we adopt that line of authorities casting the burden of proof upon the defendant. See cases collected in 3 Elliot, Evidence, sec. 2461, note 7.

Again, the evidence in the case did not show when the action was begun, and the defendant argues that it was error for the court to recite that fact in the instruction complained of. The case was brought to the district court by appeal from a justice of the peace, and the trial judge had before him the original papers, and it was proper for him to take judicial notice of the time when the action was instituted and base his instruction as to the period of limitation upon the information contained in the justice's transcript. The record before us does not show that the recitation in the instruction complained of, as to when the action was commenced before the justice, was a misstatement of fact, and we cannot presume error.

2. Prior to the trial the defendant filed his appli-cation for a continuance of the case for the reason that certain witnesses named were unable to attend the trial; that, if present, they would testify that the well in controversy was constructed in 1900. The plaintiff offered to admit that the witnesses, if present, would testify. as stated in the affidavit, and the motion for a continuance was thereupon overruled. Upon the trial that portion of the affidavit relative to the proposed testimony. of the absent witnesses was read in evidence, and the court instructed the jury in reference thereto as follows: "The jury are instructed that the credibility of the witnesses, and also the weight to be given to the admissions contained in the recital in the affidavit received in evidence are ques-tions exclusively for the jury to determine." The defend-ant requested the court to instruct that such testimony is to be regarded and is entitled to like weight and credibility as if the said named witnesses were present in court and upon the witness stand testifying to said facts. The court refused so to instruct. This evidence, as shown by the affi-davit, was immaterial, because it did not disclose at what time in 1900 the work was performed. If subsequent to September 30, 1900, then it clearly appears that their tes-timony would tend to show that the defendant was liable, and prejudice in refusing the instruction is not disclosed.

3. The other assignments of error pertain to the court's rulings upon the rejection and reception of evidence. We have carefully examined all of the assignments of error, and are clearly of the opinion that no prejudicial error was committed by the trial court. We therefore recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.