FIFTH DIVISION

No. 1-07-1816

| | | |
|---|---|---|
| LEONARD BRZINSKI, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| NORTHEAST ILLINOIS REGIONAL COMMUTER | ) | Honorable |
| RAILROAD CORPORATION, d/b/a Metra, | ) | Elizabeth M. Budzinski, |
| | ) | Judge Presiding. |
| Defendant-Appellee. | ) | |
| | ) | |

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Plaintiff, Leonard Brzinski, brought suit against his former employer, Northeast Illinois Regional Commuter Railroad Corporation, d/b/a Metra (Metra), under the Federal Employers' Liability Act (FELA) (45 U.S.C. §51 et seq. (2000)). Brzinski sought to recover for injuries he sustained while working as a Metra claims specialist. Metra's motion for summary judgement was granted, and Brzinski appealed. We affirm.

BACKGROUND

From 1988 until 2004, Brzinski was employed by Metra as a claims specialist, where his duties included investigating and evaluating accidents involving Metra commuter trains. On April 4, 2003, Brzinski was assigned to the investigation of an accident in Orland Park, IL.

Brzinski arrived at the location of the accident shortly before 6 p.m., while the area was still illuminated by daylight. It was cold and had been raining. The train track ran north and south, with a service road running along its west side. Brzinski began walking on this service

road toward the front of the train in order to photograph any damage.

In both his accident report and deposition testimony, Brzinski stated that the there was nothing about the condition of the service road that appeared to be especially unsafe. Nevertheless, he took extra care in proceeding along the road due to its wet surface and because he had previously suffered a right knee injury. Just north of the locomotive, the ground gave way and Brzinski stepped into an 18-inch-deep sinkhole with his left foot. Brzinski repeatedly testified that neither he nor anyone else could have detected the presence of this sinkhole by observation. Indeed he only detected the sinkhole when he stepped on it, and he testified that Metra could not have warned him of that particular hazard because it was not visible and did not collapse until he stepped into it.

However, Brzinski did opine that the service road was not constructed properly in that it was not angled in such a way to allow water to drain away. He believed that the sinkhole was caused by pooling water undermining the surface of the service road, especially in some "ruts" that had developed due to Metra vehicles driving on the road. He also faulted Metra for not properly inspecting the road and repairing any such defects, especially because he had knowledge that Metra employees had previously been injured by sinkholes in other locations. Moreover, other Metra employees testified that inspections following Brzinski's accident revealed additional sinkholes located nearby. However, Brzinski was not aware of any prior instances of sinkholes developing at the location of his accident.

Brzinski filed the instant suit against Metra, under FELA, to recover for the injuries he sustained when he fell into the sinkhole. In his complaint, Brzinksi alleged that Metra was

negligent in that it failed to: (1) provide a reasonably safe place to work, (2) post warnings or erect barriers around the sinkhole, (3) properly maintain the grounds along its track, (4) warn him of any dangerous and unsafe conditions, (5) conduct inspections when ordinary inspection would have disclosed the dangerous and unsafe conditions that caused his injuries, or (6) level and maintain the ballast on the west side the track.

Metra filed a motion for summary judgement. Metra sought a judgment in its favor because: (1) Brzinski was not employed within the class of individuals statutorily allowed to recover under the FELA, and (2) Brzinski had not shown that Metra had either actual or constructive notice of the sinkhole which caused the injury. On January 4, 2007, the circuit court denied Metra's first argument because "the record [did] not contain sufficient facts to allow a determination" on that issue. Thereafter, the circuit court granted Metra summary judgment motion on its second "notice" argument. Brzinski timely appealed.

## ANALYSIS

On appeal, Brzinski asserts that the circuit court erred when it determined that he failed to establish Metra's negligence because the evidence clearly established that Metra failed to properly inspect and maintain the service road. Metra disagrees and maintains the award of summary judgment in its favor may also be upheld on the basis that Brzinski was not statutorily permitted to recover under the FELA. Because we find that summary judgment was properly awarded due to Brzinski's failure to establish notice, we need not consider Metra's alternative argument.

Summary judgment is proper when the pleadings, depositions, and admissions on file,

along with any affidavits, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2006). The propriety of an order granting summary judgment is a question which we review de novo. Behrens v. California Cartage Co., 373 Ill. App. 3d 860, 861 (2007). Actions brought in state court under FELA are governed by federal substantive law, and federal court decisions control our interpretation of that statute. Larson v. CSX Transportation, Inc., 359 Ill. App. 3d 830, 834 (2005).

FELA provides, in pertinent part, that "[e]very common carrier by railroad *** shall be liable in damages to any person suffering injury while he is employed by such carrier *** for such injury *** resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." 45 U.S.C. §51 (2000). The statute was intended to provide a broad remedial remedy to railroad workers and " 'imposes on railroads a general duty to provide a safe workplace.' " Holbrook v. Norfolk Southern Ry. Co., 414 F.3d 739, 741 (7th Cir. 2005), quoting McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 300 (7th Cir. 1996). A plaintiff's burden when suing under the FELA is therefore significantly lighter than in a common law negligence case, and a railroad will be held liable where "employer negligence played any part, even the slightest, in producing the injury." Rogers v. Missouri Pacific R.R. Co., 352 U.S. 500, 506, 1 L. Ed. 2d 493, 499, 77 S. Ct. 443, 448 (1957).

Nevertheless, the FELA " 'does not make the employer the insurer of the safety of his employees while they are on duty. The basis of his liability is his negligence, not the fact that

4

1-07-1816

injuries occur.' " Consolidated R. Corp. v. Gottshall, 512 U.S. 532, 543, 129 L. Ed.2d 427, 440, 114 S. Ct. 2396, 2404 (1994), quoting Ellis v. Union Pacific R.R. Co., 329 U.S. 649, 653, 91 L. Ed. 572, 576, 67 S. Ct. 598, 600 (1947). Thus, to survive a motion for summary judgment a plaintiff must still offer "evidence proving the common law elements of negligence, including duty, breach, foreseeability, and causation." Williams v. National R.R. Passenger Corp., 161 F.3d 1059, 1061-62 (7th Cir. 1998). More particularly, " '[t]o establish that a railroad breached its duty to provide a safe workplace, the plaintiff must show circumstances which a reasonable person would foresee as creating a potential for harm.' " Holbrook, 414 F.3d at 742, quoting McGinn, 102 F.3d at 300. Such foreeseeability is established only where the railroad had actual or constructive notice of the harmful condition. Holbrook, 414 F.3d at 742; Williams, 161 F. 3d at 1063.

In light of the above authority, we find that the circuit court properly held that Brzinski failed to establish the foreseeability element of his negligence claim. Certainly, the evidence does not establish that Metra had actual notice of the sinkhole into which Brzinski stepped. None of Metra's employees testified that they were aware of sinkholes in the area, and Brzinski offered no evidence to contradict these statements.

Brzinski also failed to establish that the Metra had constructive notice of the sinkhole. To establish such notice, Brzinski was required to show that Metra could or should have known of the sinkhole. Pryor v. National R.R. Passenger Corp., 301 Ill. App. 3d 628, 631 (1998). Indeed, although Metra's duty to provide a safe workplace included an obligation to conduct reasonable inspections and maintenance, Brzinski had the burden of showing that such inspections could

5

have discovered the sinkhole and that Metra would have had an opportunity to repair it. Holbrook, 414 F.3d at 745, citing Deans v. CSX Transportation, Inc., 152 F.3d 326, 330 (4th Cir. 1998); Williams, 161 F.3d at 1063. This he failed to do.

The evidence in the record is inconclusive with respect to Metra's inspection and maintenance policies and practices. Several Metra employees testified that they were unsure of when, if ever, the service road was last inspected or repaired. However, in a reply in support of its motion filed in the circuit court, Metra refers to a "voluminous set of documents pertaining to the consistency, testing, and conditions of the subject roadway" that it disclosed in response to Brzinski's discovery requests. While these documents apparently included reports of inspections conducted six months prior to Brzinski's accident, they were not included in the record filed with this court.

However, even if we view the evidence in the light most favorable to Brzinski, there is nothing in the record establishing how long the sinkhole existed or that any inspections Metra could have conducted would have detected its existence. Indeed, the evidence in the record supports just the opposite conclusion. Brzinski himself repeatedly testified that the sinkhole was not detectible, either by him or anyone else, until he stepped into it.

We fail to see how Metra can be charged with constructive notice of an admittedly undetectable sinkhole, and we find irrelevant the fact that other, easily detectable, sinkholes were subsequently discovered in the area. We also find the evidence indicating Metra may have been aware of sinkholes in other areas to be insufficient to charge it with constructive notice of the actual sinkhole which caused Brzinski's injury. See Pinto v. DeMunnick, 168 Ill. App. 3d 771,

6

1-07-1816

775 (1988) (refusing to charge a municipality with constructive notice where it was aware of a general sinkhole problem, but where there was no evidence that a diligent inspection would have revealed the existence of particular sinkhole which caused plaintiff's injury).

We therefore find that the circuit court properly granted Metra's motion for summary judgment. In so ruling, we briefly distinguish two cases cited by Brzinski. In Harp v. Illinois Central Gulf R.R. Co., 55 Ill. App. 3d 822, 825 (1977), the court found that the plaintiff did not need to establish actual or constructive notice where "active negligence" was alleged after the defendant railroad had improperly completed repairs to its track; i.e., where it had created the hazard. However, Brzinski does not actually allege any such active negligence but, rather, alleges Metra's negligent failure to properly inspect and repair the service road. In Lockard v. Missouri Pacific R.R. Co., 894 F.2d 299, 303-04 (8th Cir. 1990), the court found that the plaintiff had properly alleged a violation of FELA for his railroad employers violation of its "nondelegable" duty to provide a safe place to work after he slipped on some ice that had accumulated while he was on-duty. However, in that case there was no evidence that the dangerous condition presented by the ice would not have been detectible and curable with a reasonable inspection. Such is not the case here.

CONCLUSION

For the foregoing reasons, the circuit court's award of summary judgment in favor of Metra is affirmed.

Affirmed.

FITZGERALD SMITH, P.J., and TULLY, J., concur.

7

LEONARD BRZINSKI,

Plaintiff-Appellant,

v.

NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a Metra,

Defendant-Appellee.

No. 1-07-1816

Appellate Court of Illinois
First District, FIFTH DIVISION

July 25, 2008

Justice Margaret O'Mara Frossard authored the opinion of the court:

Presiding Justice Fitzgerald Smith and Justice Tully concur.

Appeal from the Circuit Court of Cook County.
The Hon. Elizabeth M. Budzinski, Judge Presiding.

**Counsel for Plaintiff-Appellant**
James N. Vail, Chicago, IL 60602

**Counsel for Defendant-Appellee**
Swanson, Martin & Bell, LLP, Chicago, IL 60611
OF COUNSEL: Kevin V. Boyle and Catherine Basque Weiler