Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/10/2024 06:08 PM CDT

Salvador Garcia, appellee, v. City of Omaha,
a political subdivision, appellant.

___ N.W.3d ___

Filed June 7, 2024.    No. S-23-391.

1. **Political Subdivisions Tort Claims Act: Appeal and Error.** Whether a plaintiff's negligence claims are precluded by an exemption to the Political Subdivisions Tort Claims Act is a question of law for which an appellate court has a duty to reach its conclusions independent of the conclusions reached by the district court.

2. **Summary Judgment: Appeal and Error.** An appellate court reviews the district court's ruling on a motion for summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor.

3. **Immunity: Jurisdiction.** The presence of sovereign immunity is a jurisdictional matter.

4. **Summary Judgment: Proof.** The burden of proof in summary judgment is guided by the reasoning of *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

5. **Summary Judgment: Final Orders.** The general rule is that an order that denies summary judgment is not final.

6. **Summary Judgment: Final Orders: Appeal and Error.** Under Neb. Rev. Stat. § 25-1902(1)(d) (Cum. Supp. 2022), a final order for purposes of appeal includes "[a]n order denying a motion for summary judgment when such motion is based on the assertion of sovereign immunity or the immunity of a government official."

7. **Summary Judgment: Final Orders: Immunity.** For an order to be final under Neb. Rev. Stat. § 25-1902(1)(d) (Cum. Supp. 2022), two requirements must be met: (1) The order must deny a motion for summary judgment, and (2) the summary judgment motion must be based on either the assertion of sovereign immunity or the immunity of a government official.

8. **Immunity: Constitutional Law: Political Subdivisions: Legislature.** The sovereign immunity of the State and its political subdivisions is preserved in Neb. Const. art. V, § 22. This constitutional provision is not self-executing, and no suit may be maintained against a political subdivision unless the Legislature, by law, has provided otherwise.

9. **Torts: Immunity: Waiver: Legislature.** The Legislature has allowed a limited waiver of sovereign immunity with respect to some, but not all, types of tort claims.

10. **Political Subdivisions Tort Claims Act: Immunity: Waiver.** The Political Subdivisions Tort Claims Act's waiver of immunity is subject to exemptions as set forth in Neb. Rev. Stat. § 13-910 (Reissue 2022).

11. **Statutes: Immunity: Waiver.** Statutes purporting to waive the protection of sovereign immunity are to be strictly construed in favor of the sovereign and against waiver.

12. **Immunity: Jurisdiction.** Sovereign immunity is a jurisdictional matter that can be raised at any time by a party or the court.

13. **Political Subdivisions Tort Claims Act: Immunity: Highways: Notice.** Neb. Rev. Stat. § 13-910(12) (Reissue 2022) immunizes political subdivisions from liability claims relating to spot or localized defects in highways, bridges, or other public thoroughfares unless and until they have notice of the defect and a reasonable time to repair it.

14. **Pleadings: Proof.** Traditional pleading rules normally assign the burden of proof to the party who pled an issue.

15. **Jurisdiction: Proof.** It is the general rule that the plaintiff must establish jurisdictional facts.

16. **Negligence: Liability: Invitor-Invitee: Notice.** In order for a defendant to have constructive notice of a condition, the condition must be visible and apparent and it must exist for a sufficient length of time prior to an accident to permit a defendant or the defendant's employees to discover and remedy it.

17. **Negligence.** To have actual knowledge, one must in fact be aware of it.

18. **Summary Judgment: Proof.** If the burden of proof at trial would be on the nonmoving party, then the party moving for summary judgment may satisfy its prima facie burden either by citing to materials in the record that affirmatively negate an essential element of the nonmoving party's claim or by citing to materials in the record demonstrating that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

19. ____: ____. Once the moving party makes a prima facie case, the burden shifts to the nonmovant to produce evidence showing the existence of a material issue of fact that prevents judgment as a matter of law.

Appeal from the District Court for Douglas County: JAMES
M. MASTELLER, Judge. Affirmed.

Jeffrey A. Bloom, Assistant Omaha City Attorney, for
appellant.

Jon Rehm, of Rehm, Moore & Rehm, P.C., L.L.O., for
appellee.

Michael T. Hilgers, Attorney General, Eric J. Hamilton, and
Lincoln J. Korell for amicus curiae State of Nebraska

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE,
PAPIK, and FREUDENBERG, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Salvador Garcia was driving a garbage truck in southeast
Omaha, Nebraska, when a sinkhole opened in the road under
his truck, leading to damage and injuries. He filed a negli-
gence action against the City of Omaha (City) in the district
court for Douglas County under the Political Subdivisions
Tort Claims Act (PSTCA), Neb. Rev. Stat. § 13-901 et seq.
(Reissue 2022). The City asserted sovereign immunity under
§ 13-910(12), which generally immunizes political subdivi-
sions from liability claims relating to spot or localized defects
in highways, bridges, or other public thoroughfares unless
and until they have actual or constructive notice of the defect
and a reasonable time to repair it. The City contended it did
not have notice. The City filed a motion for summary judg-
ment. The district court denied the City's motion, and the City
appealed pursuant to Neb. Rev. Stat. § 25-1902(1)(d) (Cum.
Supp. 2022). We affirm.

## STATEMENT OF FACTS

On May 28, 2019, Garcia was driving a garbage truck in
the course and scope of his employment for a waste manage-
ment company. While he was driving on a public street, South

19th Street between M and N Streets in Omaha, the road collapsed beneath Garcia's truck, the truck fell into a sinkhole, and Garcia was injured. Garcia filed a workers' compensation claim under Neb. Rev. Stat. § 48-118 (Reissue 2021), and he also sued the City under the PSTCA. Gallagher Bassett Services, Inc., and Deffenbaugh Industries, Inc., were named as parties for workers' compensation subrogation purposes only, as provided under § 48-118, and have not participated in this appeal. We make no comment regarding Garcia's workers' compensation claim submitted to any forum. Garcia's PSTCA claim gives rise to this appeal. Garcia claimed that the City had actual or constructive notice of the defect in the road, yet failed to repair it in a reasonable timeframe. In its answer, the City alleged various affirmative defenses, including an assertion of sovereign immunity.

The City filed a motion for summary judgment in which it asserted sovereign immunity. At the hearing on the motion for summary judgment, the City argued that it had not waived immunity because it was not on notice of a spot or localized defect that caused Garcia's injuries. The City adduced evidence on the process by which it receives and logs complaints from the public regarding street maintenance. The evidence generally showed that if persons have complaints regarding street maintenance, there are several ways to notify the City, including the general public works/street maintenance telephone line or the "Mayor's Hotline." Access to the Mayor's Hotline is available by phone, email, and an online portal. Complaints regarding street maintenance are logged in a system called Cityworks, which maintains a history of street maintenance requests and work orders dating back to 2007. Service requests or work orders entered in Cityworks are never deleted. The City contended that it did not have a record of any complaint by Tonya Ward, a resident who lives on the street where the incident occurred. The City further noted that Garcia had driven the same route on Mondays for more than a year and had not noticed any problems on South 19th Street.

Garcia relied, in part, on an affidavit from Ward. Ward had lived on South 19th Street for approximately 14 years. She stated that she had called the Mayor's Hotline in 2017, 2018, and 2019 to "complain about the general condition of [the street], but more specifically holes in the street, erosion that could be observed below the street, cracks in the street, etc." She believed that she "took pictures of some of the street issues around the time [she] called." According to Ward, the street is still in "bad condition having only been patched where this incident happened." After Garcia's truck fell into the sinkhole outside her home, Ward stated that she observed Garcia in pain and that she "observed the hole that opened up under [Garcia's] vehicle shortly after it occurred." The City argued that Ward's affidavit was too vague and imprecise to satisfy Garcia's burden. The City contended that even if Ward had complained of the general condition of the road, this would be insufficient notice of a spot or localized defect, because the sinkhole conditions were latent and not apparent.

In his deposition, Garcia testified that Ward assisted him after the incident and gave him water. He stated that at that time, she told him that she had sent emails to the City about the street.

The City submitted evidence showing no record of Ward's complaints. However, the records included an earlier work order on the same block that showed that a plumbing truck operator had "noticed undermining" and a "[v]oid under 3'x5' hole" where the plumber had been working and that a backfill inspection was ordered.

The district court denied the City's motion for summary judgment. The Court found that the City had met its burden to demonstrate a prima facie case that it lacked actual notice and constructive notice of the defect. However, it found that viewing the evidence in the light most favorable to Garcia and giving him the benefit of all reasonable inferences from the evidence, Garcia had met his burden to demonstrate a genuine issue of material fact that precluded summary

judgment. The court set forth excerpts from Ward's affidavit and noted her assertions that she had previously contacted the City specifically about holes in the street and erosion below the street in the area of the incident. It found Garcia had carried his burden to show a genuine issue of material fact as to whether the City had actual or constructive notice of a spot or localized defect.

Because its motion for summary judgment was denied and the motion was based on an assertion of sovereign immunity, the City appeals the order under § 25-1902(1)(d).

## ASSIGNMENT OF ERROR

The City claims, summarized and restated, that the district court erred when it found a genuine issue of material fact as to whether the City had actual or constructive notice of a spot or localized defect in a public thoroughfare, which issue prevented the conclusion that the City was immunized, thus precluding summary judgment.

## STANDARDS OF REVIEW

[1] Whether a plaintiff's negligence claims are precluded by an exemption to the PSTCA is a question of law for which an appellate court has a duty to reach its conclusions independent of the conclusions reached by the district court. *Clark v. Sargent Irr. Dist.*, 311 Neb. 123, 971 N.W.2d 298 (2022).

[2] An appellate court reviews the district court's ruling on a motion for summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Simpson v. Lincoln Public Schools, ante* p. 246, 4 N.W.3d 172 (2024).

## ANALYSIS

[3,4] In this case, we are asked to apply recent developments in our jurisprudence regarding both sovereign immunity and summary judgment. In particular, we apply the principles that the presence of sovereign immunity is a jurisdictional matter, see *Davis v. State*, 297 Neb. 955, 902 N.W.2d 165 (2017), and

that the burden of proof in summary judgment is guided by the reasoning of *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986), as adopted in *Clark v. Scheels All Sports*, 314 Neb. 49, 989 N.W.2d 39 (2023).

Applying the foregoing principles to the record in this case, and given the factual dispute regarding the notice issue, we reject the City's contention that the district court erred when it denied the City's motion for summary judgment asserting sovereign immunity. We affirm the order of the district court.

*Appellate Jurisdiction.*

[5,6] The City seeks interlocutory appellate review of an order that denied a motion for summary judgment. The general rule is that an order that denies summary judgment is not final. See, e.g., *Carney v. Miller*, 287 Neb. 400, 842 N.W.2d 782 (2014). However, the Legislature recently enacted § 25-1902(1)(d). Under § 25-1902(1)(d), a final order for purposes of appeal includes "[a]n order denying a motion for summary judgment when such motion is based on the assertion of sovereign immunity or the immunity of a government official." We note that an appeal of an order under § 25-1902(1)(d) remains available under Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2022) within 30 days after the entry of judgment. See § 25-1902(2).

[7] In this case, the City asserted in its answer and motion for summary judgment that it was immune because Garcia's claim fell within the statutory exemption found in § 13-910(12) to the waiver of sovereign immunity. Further, the order on appeal denied the motion for summary judgment. For an order to be final under § 25-1902(1)(d), two requirements must be met: (1) The order must deny a motion for summary judgment, and (2) the summary judgment motion must be based on either the assertion of sovereign immunity or the immunity of a government official. See *Clark v. Sargent Irr. Dist., supra*. Both requirements have been met, and we have appellate jurisdiction of the City's appeal.

Notwithstanding our appellate jurisdiction, we take this opportunity to observe that, as illustrated in our analysis below, a factual dispute regarding sovereign immunity is not likely to be resolved at the interlocutory appeal level. Thus, rather than taking an appeal, finality is ordinarily better served by proceeding with the judge who serves as fact finder in the court below. And, as noted above, an appeal of an order under § 25-1902(1)(d) remains available under § 25-1912 within 30 days after the entry of judgment. See § 25-1902(2).

*Sovereign Immunity and Waiver.*

[8] The sovereign immunity of the State and its political subdivisions is preserved in Neb. Const. art. V, § 22. This constitutional provision is not self-executing, and no suit may be maintained against a political subdivision unless the Legislature, by law, has provided otherwise. *Simpson v. Lincoln Public Schools, ante* p. 246, 4 N.W.3d 172 (2024).

[9-11] Through the enactment of the PSTCA, the Legislature has allowed a limited waiver of sovereign immunity with respect to some, but not all, types of tort claims. *Simpson v. Lincoln Public Schools, supra.* The PSTCA's waiver of immunity is subject to exemptions as set forth in § 13-910. *Simpson v. Lincoln Public Schools, supra.* Statutes purporting to waive the protection of sovereign immunity are to be strictly construed in favor of the sovereign and against waiver. *Id*. To strictly construe the PSTCA against a waiver of sovereign immunity, courts apply a broad reading to any statutory exemptions from a waiver of sovereign immunity. *Simpson v. Lincoln Public Schools, supra.* The exemption at issue here is referred to as the "spot or localized defect" exemption.

[12] In 2017, we held that sovereign immunity is a jurisdictional matter that can be raised at any time by a party or the court, overruling our previous case law requiring the government to plead and prove sovereign immunity. See *Davis v. State*, 297 Neb. 955, 902 N.W.2d 165 (2017) (discussing State Tort Claims Act). See, also, *Edwards v. Douglas County*,

308 Neb. 259, 953 N.W.2d 744 (2021) (discussing PSTCA). As *Davis v. State* indicates, the issue of sovereign immunity can be addressed on appeal. However, unlike *Davis v. State*, which involved a facial issue and a motion to dismiss, as we discuss below, the instant appeal involves a sovereign immunity problem necessitating resolution of a factual issue that is not amenable to resolution in this appeal.

*Spot or Localized Defect Exemption.*

As relevant in this case, § 13-910(12) of the PSTCA provides:

[Waiver of immunity shall not apply to:] Any claim arising out of the alleged insufficiency or want of repair of any highway as defined in such section, bridge, or other public thoroughfare. Insufficiency or want of repair shall be construed to refer to the general or overall condition and shall not refer to a spot or localized defect. [However a] political subdivision shall be deemed to waive its immunity for a claim due to a spot or localized defect only if (a) the political subdivision has had actual or constructive notice of the defect within a reasonable time to allow repair prior to the incident giving rise to the claim . . . .

[13] We have stated that "[s]ection § 13-910(12) immunizes political subdivisions from liability claims relating to spot or localized defects in highways, bridges, or other public thoroughfares unless and until they have notice of the defect and a reasonable time to repair it." *Kimminau v. City of Hastings*, 291 Neb. 133, 144, 864 N.W.2d 399, 409 (2015). When the requisite notice exists, sovereign immunity is waived. *Id.*

The notice feature of § 13-910(12) can be characterized colloquially as an exception to an exception to an exception to a general rule. See *CNA v. U.S.*, 535 F.3d 132 (3d Cir. 2008). By waiving sovereign immunity, the PSTCA creates an exception to the general rule that a political subdivision cannot be sued but that permission to sue comes with exceptions. In § 13-910(12), the political subdivision cannot be sued for

want of repair of public thoroughfares, but it can be sued if it had an actual or constructive notice of the condition. We treat the § 13-910(12)(a) factors as a whole.

[14,15] Sovereign immunity is by its nature jurisdictional. See *Davis v. State, supra*. The complaint and evidence in this case show a factual issue regarding sovereign immunity. See *Davis v. U.S.*, 196 F. Supp. 3d 106 (D.D.C. 2016) (noting it was premature to decide jurisdictional sovereign immunity factual question on motion to dismiss or in alternative summary judgment). Traditional pleading rules normally assign the burden of proof to the party who pled an issue. See, e.g., *Van Burg v. Van Engen*, 76 Neb. 816, 107 N.W. 1006 (1906) (noting inconsistency of requiring one party to plead issue while placing burden of disproving it on opposing party); Ugo Colella & Adam Bain, *The Burden of Proving Jurisdiction Under the Federal Tort Claims Act: A Uniform Approach to Allocation*, 67 Fordham L. Rev. 2859 (1999) (discussing Federal Tort Claims Act). It is the general rule that the plaintiff must establish jurisdictional facts. See *Everts v. School Dist. No. 16*, 175 Neb. 310, 121 N.W.2d 487 (1963). We also observe that the plaintiff is also the party seeking to benefit at trial from the waiver of sovereign immunity. See *Koehler v. City of Atlanta*, 221 Ga. App. 534, 472 S.E.2d 91 (1996). We conclude that this burden on the plaintiff includes showing facts that demonstrate that the exceptions to the State's waiver of sovereign immunity under the PSTCA do not deprive the court of subject matter jurisdiction. See *Davis v. State*, 297 Neb. 955, 902 N.W.2d 165 (2017) (in case considering motion to dismiss, concluding that plaintiff bears this burden). Thus, in this case, Garcia has the burden to show that the City was not immunized because it had actual or constructive notice.

In regard to § 13-910(12), we have construed "spot" to mean "'a small area visibly different . . . from the surrounding area'"; "defect" to mean "'[a]n imperfection or shortcoming, esp. in a part that is essential to the operation or safety of a

product'"; and "localized" to mean "'to accumulate in or be restricted to a specific or limited area.'" *Kimminau v. City of Hastings*, 291 Neb. at 141, 864 N.W.2d at 408.

[16,17] We have observed in other contexts that in order for a defendant to have constructive notice of a condition, the condition must be visible and apparent and it must exist for a sufficient length of time prior to an accident to permit a defendant or the defendant's employees to discover and remedy it. *Range v. Abbott Sports Complex*, 269 Neb. 281, 691 N.W.2d 525 (2005). See *Brzinski v. Northeast Illinois Regional*, 384 Ill. App. 3d 202, 892 N.E.2d 1142, 323 Ill. Dec. 150 (2008) (stating in road sinkhole case decided on summary judgment that to establish "constructive notice," plaintiff was required to show defendant could or should have known of sinkhole). To have actual knowledge, "one must in fact be aware of it." *Intel Corp. Inv. Policy Committee v. Sulyma*, ___ U.S. ___, 140 S. Ct. 768, 776, 206 L. Ed. 2d 103 (2020). The parties agree that the sinkhole that opened under Garcia's garbage truck was in the nature of a "spot or localized defect" and that the central issue in this case is whether the City had notice of a spot or localized defect.

*Summary Judgment.*

The district court determined that the City met its prima facie burden on its motion for summary judgment but that Ward's affidavit in particular created a genuine issue of material fact as to whether the City had actual or constructive notice of the condition of the road that ultimately caused Garcia's injuries. We see no error in these determinations.

[18] In *Clark v. Scheels All Sports*, 314 Neb. 49, 68-69, 989 N.W.2d 39, 53 (2023), we recently held that

> if the burden of proof at trial would be on the nonmoving party, then the party moving for summary judgment may satisfy its prima facie burden either by citing to materials in the record that affirmatively negate an essential element of the nonmoving party's claim or by

citing to materials in the record demonstrating that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Applying the principles in *Clark v. Scheels All Sports* and keeping in mind the lessons of *Davis v. State* as we discussed above, to establish that the City waived its immunity for a claim due to a spot or localized defect, Garcia would have the burden of proof at trial to show that the political subdivision has had "actual or constructive notice of the defect within a reasonable time to allow repair prior to the incident giving rise to the claim," thus resulting in the City's waiver of sovereign immunity. See § 13-910(12)(a). See, similarly, *Koehler v. City of Atlanta*, 221 Ga. App. 534, 472 S.E.2d 91 (1996) (regarding summary judgment in sovereign immunity case, stating parties who will not bear burden of proof at trial may prevail on summary judgment by pointing out, by reference to record, there is no evidence sufficient to create genuine jury issue on at least one essential element of nonmovant's case).

Regarding the motion for summary judgment, we note that Garcia was the nonmoving party and had the burden of proof at trial as to the factors in § 13-910(12)(a). Under the circumstances, the City may satisfy its initial prima facie burden by citing to materials in the record that affirmatively negate an essential element of Garcia's claim or by citing to materials in the record demonstrating that Garcia's evidence is insufficient to establish an essential element of his claim. See *Clark v. Scheels All Sports, supra*. The City did so in this case, as the district court correctly found. The City produced evidence regarding its complaint system and reporting mechanisms and, specifically, the work history on the road, which showed that it had no record of reports by Ward. With respect to constructive notice, the City relied on Garcia's testimony that during his weekly route, he had not noticed problems with the street. The district court determined that the City met its initial burden by showing that it did not have actual

or constructive notice of the defect, thereby negating Garcia's allegation that the City had actual or constructive notice of the defect.

[19] Once the moving party makes a prima facie case, the burden shifts to the nonmovant to produce evidence showing the existence of a material issue of fact that prevents judgment as a matter of law. See *id*. We agree with the district court that Garcia met his burden to demonstrate a genuine issue of material fact as to whether the City had actual or constructive notice of the spot or localized defect. The record shows that Ward swore in her affidavit:

> I called multiple times to the City of Omaha and Omaha Mayor's hotline in 2017, 2018[,] and at least once in 2019 prior to the accident to complain about the general condition of 19th Street between M and N Streets, *but more specifically holes in the street, erosion that could be observed below the street, cracks in the street*, etc. I believe I took pictures of some of the street issues around the time I called.

(Emphasis supplied.) Although the City disputes the strength of Garcia's evidence regarding notice, it is not the role of summary judgment to weigh the evidence. As we recently emphasized, "'[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Palmtag v. Republican Party of Neb.*, 315 Neb. 679, 698, 999 N.W.2d 573, 588 (2024) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

Garcia's evidence that Ward made reports to the City included not only complaints of potholes or the general condition of the road, but information that there were holes and cracks in the street, as well as detectable erosion that could be observed below the street. There was evidence suggesting that a thunderstorm with plowable hail occurred on the morning of the incident. As noted in our statement of facts, the City had previously filled, on the same block, a "[v]oid under

3'x5' hole" where significant "undermining" had taken place beneath the street. Given the previous incident and Ward's affidavit testimony in particular, Garcia satisfied his burden for purposes of summary judgment. See, *Taylor v. City of Cleveland*, No. 107095, 2019 WL 645030 (Ohio App. Feb. 14, 2019) (stating in road sinkhole case, affirming denial of city's motion for summary judgment, that city's knowledge of recent water main break less than 200 feet from where plaintiffs were injured created genuine issue of material fact); *Abdullah v. City of Somers Point*, No. A-4255-1171, 2013 WL 3581952 (N.J. Super. July 16, 2013) (unpublished opinion) (noting that although city was unaware sinkhole had opened, it had notice of instability of ground beneath pavement). The evidence creates a genuine issue of material fact whether the City received actual or constructive notice of the spot or localized defect in a public thoroughfare. If the City had received notice within a reasonable time to allow it to make repairs prior to the incident, it is not immunized under § 13-910(12)(a).

## CONCLUSION

In this appeal, Garcia sued the City under the PSTCA for injuries he received after his truck fell in a sinkhole on a city street. The City moved for summary judgment based on sovereign immunity. Because Garcia's evidence showed a genuine issue of material fact whether the City had received notice of the defect, the district court denied the City's motion. Finding no error by the district court, we affirm.

Affirmed.