- 435 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
NARANJO v. NORTH PLATTE, NEB. HOSP. CORP.
Cite as 33 Neb. App. 435

Laurence Naranjo and Sandra Naranjo, husband and wife, appellants, v. North Platte, Nebraska Hospital Corporation, a Nebraska nonprofit corporation, doing business as Great Plains Regional Medical Center, doing business as Great Plains Health, appellee, and Waste Connections of Nebraska, Inc., appellee.

___ N.W.3d ___

Filed February 11, 2025.    No. A-24-195.

1.  **Summary Judgment: Appeal and Error.** An appellate court affirms a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law.

2.  ____: ____. An appellate court reviews the district court's grant of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor.

3.  **Negligence: Liability: Proximate Cause.** A possessor of land is subject to liability for injury caused to a lawful visitor by a condition on the land if (1) the possessor either created the condition, knew of the condition, or by the existence of reasonable care would have discovered the condition; (2) the possessor should have realized the condition involved an unreasonable risk of harm to the lawful visitor; (3) the possessor should have expected that a lawful visitor either (a) would not discover or realize the danger or (b) would fail to protect himself or herself against the danger; (4) the possessor failed to use reasonable care to protect the lawful visitor against the danger; and (5) the condition was a proximate cause of damage to the plaintiff.

4.  **Summary Judgment.** Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or

- 436 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
NARANJO v. NORTH PLATTE, NEB. HOSP. CORP.
Cite as 33 Neb. App. 435

as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.

5. **Summary Judgment: Proof.** The party moving for summary judgment must make a prima facie case by producing enough evidence to show the movant would be entitled to judgment if the evidence were uncontroverted at trial. If the moving party makes a prima facie case, the burden shifts to the nonmovant to produce evidence showing the existence of a material issue of fact that prevents judgment as a matter of law.

6. ____: ____. If the burden of proof at trial would be on the nonmoving party, then the party moving for summary judgment may satisfy its prima facie burden either by citing to materials in the record that affirmatively negate an essential element of the nonmoving party's claim or by citing to materials in the record demonstrating that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

7. **Negligence: Liability: Invitor-Invitee: Notice.** In order for a defendant to have constructive notice of a condition, the condition must be visible and apparent and it must exist for a sufficient length of time prior to an accident to permit a defendant or the defendant's employees to discover and remedy it.

Appeal from the District Court for Lincoln County: CINDY R. VOLKMER, Judge. Affirmed.

Nolan J. Niehus and Corey L. Stull, of Atwood Law, P.C., L.L.O., for appellants.

Isaiah J. Frohling and Mark A. Christensen, of Cline, Williams, Wright, Johnson & Oldfather, L.L.P., for appellee North Platte, Nebraska Hospital Corporation.

RIEDMANN, Chief Judge, and PIRTLE and ARTERBURN, Judges.

RIEDMANN, Chief Judge.
### INTRODUCTION
In this slip and fall case, the appellants challenge the district court for Lincoln County's order finding that no issue of material fact existed as to a hospital's lack of knowledge or constructive knowledge of the ice upon which one of the appellants fell. Upon our review of the record, we affirm.

- 437 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
NARANJO v. NORTH PLATTE, NEB. HOSP. CORP.
Cite as 33 Neb. App. 435

## BACKGROUND

Laurence Naranjo was an employee of a trash collection company tasked with the removal of a rolloff trash compactor from Great Plains Regional Medical Center (the hospital). To complete the task, after backing his truck up to the compactor, Naranjo was required to disconnect hydraulic and electrical lines from the back of the compactor and make sure that the compactor's lid was secure. This required him to walk up an incline from his truck to the compactor. On the morning of December 4, 2015, as he was walking back down the slope, he slipped on ice and fell. The weather that day was clear; the most recent precipitation was 1.6 inches of snow on December 1. However, the temperature on December 3 fluctuated from 13 degrees to 43 degrees and reached a low of 21 degrees on December 4, allowing any accumulated snow to melt and refreeze.

Naranjo and his wife (collectively Naranjo) filed a complaint against the hospital seeking damages for the injuries he sustained. They claimed the hospital failed to maintain safe premises for invitees, specifically citing its failure to "clear, salt, or de-ice" areas where invitees were known and expected to traverse. The hospital denied the allegations of the complaint and asserted that Naranjo's fall and injuries were a result of his own negligence.

Following discovery, the hospital filed a motion for summary judgment. It asserted that Naranjo would be unable to produce evidence that the hospital created, knew of, or should have known of the ice on which Naranjo fell. Accordingly, it claimed that Naranjo would be unable to prove an essential element of his claim. Naranjo opposed the motion.

At the hearing on the hospital's motion for summary judgment, the parties agreed that the issue before the court was whether the hospital had constructive notice of the ice. The court received into evidence the hospital's statement of undisputed material facts, excerpts from Naranjo's deposition, an affidavit of the hospital's attorney objecting to Naranjo's

- 438 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
NARANJO v. NORTH PLATTE, NEB. HOSP. CORP.
Cite as 33 Neb. App. 435

affidavit, an affidavit of Naranjo's attorney attaching the hospital's discovery responses and depositions of Naranjo and various hospital employees, an affidavit of Naranjo, and Naranjo's supplemental answers to interrogatories.

The evidence, as relevant to this appeal, establishes Naranjo testified at his deposition that the hospital parking lot "looked good" the day of his fall, but that the "[a]rea around the compactor didn't look that good." He described "maybe two inches of snow in areas, different areas around the compactor." On further inquiry, Naranjo clarified that there "was leftover snow where they bladed," "[o]n the edges of the retaining wall" and "up . . . [b]y the dumpsters." Naranjo testified that he did not see any ice before he fell and that he had no trouble walking up the incline. He described the surface as "normal" and stated that "it looked clean and dry." However, after the fall, he realized he was lying on ice. He described the area covered in ice as "the whole area until the walkway going in for the employees." In an affidavit prepared in opposition to the motion for summary judgment, Naranjo stated that prior to his fall, he frequently reported to the hospital about snow and ice accumulations in areas he needed to access, but that despite his complaints, the area was frequently snowy and icy.

Kevin Jess was a plumber in the hospital's engineering department at the time of Naranjo's fall. As such, he shared responsibilities with other members of his department for snow removal. He testified as to the hospital's snow removal policy in general and its applicability in the area in which Naranjo fell. He stated that he, personally, would run a snowblower over the area, blowing the snow away from the building. He described that he would go "all the way close to the building" and take three paths or more, "treat[ing] it like a big sidewalk." He would then have someone on a Bobcat utility vehicle remove the rest, and the snow would be taken to "curb islands" in the parking lot, so when it melted, it would run into the grass. He would also on occasion apply icemelt to the area in which Naranjo fell.

- 439 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
NARANJO v. NORTH PLATTE, NEB. HOSP. CORP.
Cite as 33 Neb. App. 435

As it relates to Naranjo's fall, Jess testified that he saw a group of people gathered who looked like they were placing someone "'onto a backboard.'" He did not approach, but after they got the person into the hospital, Jess returned to put down icemelt. Discovery responses from the hospital indicate that Jess observed the area was wet and somewhat slick. At the time of his deposition, Jess did not recall the area's being slick and explained he put down the icemelt because he was thinking, "If somebody fell, better put some ice melt down."

Tina Pate was the manager of a surgical unit at the time of Naranjo's fall. As she arrived to work that morning, there was a man lying on the ground. She immediately knelt beside him, stabilized his head, and began assessing his cognitive state. The hospital discovery responses indicate that she recalled the area's being wet and somewhat slushy, although she did not recall at the time of her deposition the area's being slushy. Pate denied, however, that there was any ice in the area where Naranjo fell.

The only issue submitted for determination at the summary judgment hearing was whether the hospital knew of or should have known of the ice upon which Naranjo claims to have fallen. The district court determined that there was no issue of material fact as to whether the hospital created the ice upon which Naranjo fell or had constructive knowledge of it. Therefore, it granted summary judgment in favor of the hospital and dismissed Naranjo's complaint. Naranjo appeals.

## ASSIGNMENTS OF ERROR

Naranjo assigns, restated and renumbered, that the district court erred in finding no dispute of material fact existed (1) demonstrating the hospital's constructive notice, by the court's disregarding Naranjo's sworn affidavit alleging prior complaints of snow and ice; (2) as to whether the snow and ice were visible and apparent; and (3) as to whether the snow and ice existed for a sufficient amount of time to warrant discovery by the hospital.

- 440 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
NARANJO v. NORTH PLATTE, NEB. HOSP. CORP.
Cite as 33 Neb. App. 435

## STANDARD OF REVIEW

[1,2] An appellate court affirms a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *Strahan v. McCook Hotel Group*, 317 Neb. 350, 10 N.W.3d 187 (2024). An appellate court reviews the district court's grant of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Id*.

## ANALYSIS

*Principles Relating to Premises Liability.*

Generally speaking, premises liability cases fall into one of three categories: (1) those concerning the failure to protect lawful entrants from a dangerous condition on the land, (2) those concerning the failure to protect lawful entrants from a dangerous activity on the land, and (3) those concerning the failure to protect lawful entrants from the acts of a third person on the land. *Sundermann v. Hy-Vee*, 306 Neb. 749, 947 N.W.2d 492 (2020). The present case falls squarely in the first category, as Naranjo argues he was injured by an unreasonably dangerous condition on the property.

[3] A possessor of land is subject to liability for injury caused to a lawful visitor by a condition on the land if (1) the possessor either created the condition, knew of the condition, or by the existence of reasonable care would have discovered the condition; (2) the possessor should have realized the condition involved an unreasonable risk of harm to the lawful visitor; (3) the possessor should have expected that a lawful visitor either (a) would not discover or realize the danger or (b) would fail to protect himself or herself against the danger; (4) the possessor failed to use reasonable care to protect the lawful visitor against the danger; and (5) the condition was a proximate cause of damage to the plaintiff. See *id*.

- 441 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
NARANJO v. NORTH PLATTE, NEB. HOSP. CORP.
Cite as 33 Neb. App. 435

*Application of Principles to Naranjo's Claim.*

[4] The district court dismissed Naranjo's complaint on the hospital's motion for summary judgment. Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Strahan v. McCook Hotel Group, supra*.

[5,6] The party moving for summary judgment must make a prima facie case by producing enough evidence to show the movant would be entitled to judgment if the evidence were uncontroverted at trial. *Id*. If the moving party makes a prima facie case, the burden shifts to the nonmovant to produce evidence showing the existence of a material issue of fact that prevents judgment as a matter of law. *Id*. And, if the burden of proof at trial would be on the nonmoving party, then the party moving for summary judgment may satisfy its prima facie burden either by citing to materials in the record that affirmatively negate an essential element of the nonmoving party's claim or by citing to materials in the record demonstrating that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. *Id.*

[7] The parties agree the only issue on appeal is whether an issue of material fact exists as to whether the hospital knew of the icy condition, or by the existence of reasonable care would have discovered the condition. In order for a defendant to have constructive notice of a condition, the condition must be visible and apparent and it must exist for a sufficient length of time prior to an accident to permit a defendant or the defendant's employees to discover and remedy it. *Edwards v. Hy-Vee*, 294 Neb. 237, 883 N.W.2d 40 (2016).

Here, the burden of proof at trial would have been on Naranjo to prove the snow and ice were visible and apparent and existed for a sufficient length of time prior to the fall to permit the hospital or the hospital's employees to discover

- 442 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
NARANJO v. NORTH PLATTE, NEB. HOSP. CORP.
Cite as 33 Neb. App. 435

and remedy them; thus, the hospital could satisfy its prima facie burden either by citing to materials in the record that affirmatively negate that it knew or should have known of the ice or by citing to materials in the record demonstrating that Naranjo's evidence is insufficient to establish the hospital knew or should have known of the ice.

Naranjo assigns that the district court disregarded his affidavit alleging that he made prior complaints of snow and ice to the hospital. At the hearing on the motion for summary judgment, Naranjo offered his affidavit, which stated in part, "Prior to my injury, I frequently reported to [the hospital] about the snow and ice accumulation on the concrete where I had to walk to disconnect the roll off dumpster. Despite my complaints, that portion of the concrete was frequently snowy and icy." The hospital offered a written objection authored by its attorney, primarily relating to photographs attached to the affidavit. The district court took the objection under advisement and in its written order overruled the objection.

On appeal, Naranjo assigns that the district court disregarded the portion of his affidavit regarding his prior complaints. Relying upon *Garcia v. City of Omaha*, 316 Neb. 817, 7 N.W.3d 188 (2024), he argues that evidence of prior complaints creates an issue of material fact as to whether constructive notice existed. We find *Garcia* distinguishable.

In *Garcia*, the driver of a garbage truck brought a negligence action against the city of Omaha, seeking to recover for injuries he sustained when his truck fell into a sinkhole on a city street. The city moved for summary judgment, claiming sovereign immunity based on lack of notice of the defect. *Id*. The district court denied the motion, and pursuant to statute, the city appealed. *Id*. The Nebraska Supreme Court affirmed.

Addressing the issue of notice, the *Garcia* court found that an affidavit asserting prior calls to the city complaining of "'holes in the street, erosion that could be observed below the street, cracks in the street, etc.'" created an issue of material fact regarding whether the city had received actual or

- 443 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
NARANJO v. NORTH PLATTE, NEB. HOSP. CORP.
Cite as 33 Neb. App. 435

constructive notice of a localized defect. *Id*. at 821, 7 N.W.3d at 193. However, whereas *Garcia* involved a condition that would have existed until repaired, the same cannot be said for the existence of snow and ice. Additionally, under the facts in *Garcia*, complaints of street defects made prior to the injury implied the existence of the defect for a sufficient length of time to permit the city to remedy it. But complaints that snow and ice had accumulated on prior occasions do not imply that the same condition existed on the date of Naranjo's fall; nor do they warrant an inference that the condition was apparent or existed for a sufficient length of time to permit the hospital to remedy it.

Therefore, Naranjo's complaints that the hospital's prior snow removal efforts were ineffective to alleviate the presence of ice and snow accumulation do not create an issue of material fact as to whether that condition existed at the time of Naranjo's fall and was visible or apparent, or whether it existed for a sufficient length of time prior to the fall to permit the hospital to discover and remedy it. And the burden to prove that the hospital had at least constructive knowledge that such a condition existed at the time of the fall was on Naranjo. The allegations contained in the affidavit, however, failed to establish a question of material fact as to this issue. This assigned error fails.

Naranjo additionally assigns there was a dispute of material fact that the ice was visible and apparent. He argues his testimony and affidavit, the testimony of Jess and Pate, and the hospital's discovery responses establish the existence of a fact on this issue. We disagree.

Naranjo relies upon his deposition testimony in which he stated that when he arrived at the hospital the morning of his fall, the parking lot looked good but the area around the compactor "didn't look that good." He stated that there was a "lot of ice [and] maybe two inches of snow in . . . different areas around the compactor." However, when asked to identify on a photograph where the snow was in relation to his fall, he

- 444 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
NARANJO v. NORTH PLATTE, NEB. HOSP. CORP.
Cite as 33 Neb. App. 435

indicated it was "[o]n the edges of the retaining wall" and in an area "[b]y the dumpsters." He clarified that while he was lying on the ground, "the snow was to the side of [him] against the wall."

Naranjo further explained that he did not have a problem walking up the incline and that even though he was looking, he could not tell it was icy. The following recounts Naranjo's description of the area in which he fell:

> Q. Okay. Did the surface just look wet or did it look normal?
>
> A. It looked normal to me.
>
> Q. Okay. And there was just a little snow along the wall?
>
> A. Yes.
>
> Q. But other than that, it looked like it was clean and dry?
>
> [Naranjo's counsel]: Objection to form of the question, foundation.
>
> Q. You can still answer, sir.
>
> A. I believe it was — I — I couldn't hardly tell it was icy.
>
> Q. Right. So it looked clean and dry and you were surprised when you found the ice?
>
> A. Yes.

The hospital's discovery responses on which Naranjo relies identify Jess as having some relevant knowledge that includes his having arrived at the scene after the fall and "observed that it was wet and somewhat slick and applied ice melt to the area." Jess explained in his deposition that he put down ice melt because "you stop and think about it, just better put ice melt down. If somebody fell, better put some ice melt down." Regardless, Jess testified he did not see any snow in the area of Naranjo's fall and "definitely didn't see no ice."

Those same discovery responses identify Pate as having some relevant knowledge and stated that she "recalls that the area where [Naranjo] was lying was wet and somewhat

- 445 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
NARANJO v. NORTH PLATTE, NEB. HOSP. CORP.
Cite as 33 Neb. App. 435

slushy." In her deposition, Pate testified that she did not recall there being snow on the ground where she was kneeling, attending to Naranjo, and that "[t]here was no ice."

The district court characterized the statements by Naranjo, Jess, and Pate as "statements that the ground was generally slick on the day in question," but found "no evidence that the ice upon which [Naranjo] slipped was visible and apparent." We agree.

For the hospital to have constructive notice of the ice and snow, they must have been visible and apparent. See *Edwards v. Hy-Vee*, 294 Neb. 237, 883 N.W.2d 40 (2016). Here, although there is evidence that snow was visible along the wall and near a dumpster, no evidence was presented that there was snow where Naranjo fell. Nor was evidence presented that created an issue of fact regarding the visibility of ice; to the contrary, Naranjo admitted he never saw ice before he fell, and both Jess and Pate denied the existence of ice at all.

Upon this record, we find no issue of material fact as to whether ice and snow were visible and apparent prior to Naranjo's fall. Given the absence of any material fact regarding the visibility of ice and snow, it necessarily follows that Naranjo's final assignment that the district court erred in finding no issue of fact regarding the duration for which the ice and snow existed likewise fails.

## CONCLUSION

Naranjo's evidence in opposition to the hospital's motion for summary judgment is insufficient to establish the hospital knew or should have known of the ice and snow. Accordingly, the district court did not err in granting summary judgment to the hospital and we affirm its order dismissing Naranjo's complaint.

AFFIRMED.